http://www.va.gov/vetapp16/Files3/1621751.txt

Citation Nr: 1621751 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 14-09 605 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin

THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

J. Seay, Counsel

INTRODUCTION

The Veteran served on active duty from January 1964 to December 1967. The Veteran died in January 2010. The appellant is the Veteran's surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of an August 2012 rating decision by the Department of Veterans Affairs (VA) Pension Management Center in Milwaukee, Wisconsin.

The appellant participated in a video hearing before the undersigned Veterans Law Judge (VLJ) in June 2014. A transcript of the proceeding is associated with the claims folder.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. The Veteran died in January 2010. The Certificate of Death shows that the immediate cause of death was chronic ischemic heart disease due to or as a consequence of cardiac transplant coronary vasculopathy. 

2. The Veteran was not service connected for any disability during his lifetime. 

3. The most probative evidence does not reflect that the Veteran had duty or visitation to Vietnam. 

4. The most probative evidence does not relate the Veteran's death to his active service. 

CONCLUSION OF LAW

The criteria for service connection for the cause of the Veteran's death have not been met. 38 U.S.C.A. §§ 1110, 1112, 1310, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.312 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA's Duties to Notify and Assist

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). A VA letter issued in April 2012 satisfied the duty to notify provisions with respect to service connection. The letter also notified the appellant of the regulations pertinent to the establishment of an effective date and disability rating. In addition, a January 2016 Supplemental Statement of the Case noted review of the entire claims folder. See Stegall v. West, 11 Vet. App. 268 (1998). 

The duty to assist the appellant has been satisfied. All identified records, to include service medical treatment records, VA medical treatment records, and private medical treatment records, are associated with the claims folder. The Veteran's service personnel records were requested and obtained in compliance with the Board's June 2015 remand. See Stegall, supra. Two requests were made to obtain identified private medical treatment records from University of Illinois Hospital, University of Chicago Medical Center, and Metrosouth Medical Center. The appellant was notified by a June 2012 letter that the records were requested a second time and ultimately it was her responsibility to ensure that VA received the records. The appellant did not submit any additional evidence. The provisions of 38 C.F.R. § 3.159(e) have been met. 

In addition, the Agency of Original Jurisdiction (AOJ) submitted requests via the Personal Information Exchange System (PIES), to determine whether the Veteran had service in Vietnam. An April 2012 response to a request regarding any dates of service in Vietnam, noted that there was no evidence in the Veteran's file to substantiate any service in the Republic of Vietnam. The Board recognizes that the AOJ also made a formal finding of lack of sufficient information to request search of the Veteran's unit records to find evidence of service in Vietnam. The VA notice letters to the appellant did not request a time frame as to the Veteran's alleged service in Vietnam. However, as demonstrated by her hearing testimony, the appellant was not aware of the dates that the Veteran served in Vietnam. Even if the appellant were to provide time frames for such a search, the Board finds that a request to search for unit records to determine whether the Veteran served in Vietnam is not warranted. Aside from the appellant's assertions, there is no evidence to indicate that the Veteran had duty or visitation to Vietnam. In fact, the Board does not find the appellant credible regarding her assertions of her husband's service in Vietnam. In an application for compensation and/or pension received by VA in August 2004, the Veteran reported that he did not have service in Vietnam. Accordingly, an additional remand to complete a search of unit records would be of no useful purpose in this case and all necessary development has been completed. See e.g. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (holding that remands which would only result in unnecessarily imposing additional burdens on VA with no benefit flowing to the claimant are to be avoided).

In a cause of death claim, VA has a duty to obtain a medical opinion if such is necessary to assist the appellant in substantiating the claim. DeLaRosa v. Peake, 515 F.3d 1319 (Fed. Cir. 2008). In DeLaRosa, the Federal Circuit held that an opinion was not needed where "the even more restrictive" test of 38 U.S.C.A. § 5103A(d) was not met. DeLaRosa v. Peake, at 1322. Under the provisions of 38 U.S.C.A. § 5103A(d), VA is obliged to provide an examination when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service; and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C.A. § 5103A(d). 

In this case, the Veteran was not service connected for any disabilities during his lifetime. The appellant contends that the Veteran served in Vietnam and his cause of death was related to exposure to Agent Orange in Vietnam. Here, as detailed below, the most probative evidence does not show that the Veteran had service in Vietnam. The service personnel records do not reflect any duty or visitation in Vietnam and a search of the Veteran's ship assignments do not demonstrate any service in Vietnam, to include any stops in a harbor, service in the inland waterways, or brown water. In a response to an April 2012 PIES request, it was noted that there was no evidence in the Veteran's file to substantiate any service in Vietnam. The AOJ also requested record of exposure to herbicides, for which a negative response was received. The Veteran's DD Form 214 did not show any service in Vietnam or any awards or decorations to indicate service in Vietnam. In addition, the Veteran himself indicated that he did not have service in Vietnam. Thus, the most probative evidence does not reflect duty in Vietnam, to include exposure to herbicides. The appellant's allegations regarding the cause of the Veteran's death address exposure to Agent Orange in Vietnam and not any chronic symptoms. Furthermore, as she has not been shown to have medical knowledge or expertise, she is not considered competent to diagnose a heart condition or to relate a heart condition to the Veteran's period of active service. There is no competent evidence of record to indicate that the Veteran's cause of death was related to his period of active service. A VA opinion is not required in this case. 

There is no indication in the record that any additional evidence, relevant to the issue adjudicated in this decision, is available and not part of the claims folder. See Pelegrini v. Principi, 18 Vet. App. 112 (2004). As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. at 486; Shinseki v. Sanders/Simmons, 129 S. Ct. 1696 (2009).

Other Considerations

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) (2015) requires that the VLJ who conducts a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. The undersigned VLJ explained the issue on appeal and asked the appellant for information regarding any potentially outstanding evidence, including treatment records, pertaining to the Veteran's death. The appellant has not suggested any deficiency in the conduct of the hearing. Therefore, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2).

Legal Criteria

A surviving spouse of a qualifying veteran who died as a result of a service-connected disability is entitled to receive dependency and indemnity compensation. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312.

To warrant service connection for the cause of the Veteran's death, the evidence must show that a service-connected disability was either a principal or a contributory cause of death. A disability will be considered the principal cause of death when such disability, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically related thereto. A disability will be considered a contributory cause of death when it contributed substantially or materially to death, combined to cause death, or aided or lent assistance to the production of death. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312.

A service-connected disability is one that was incurred in or aggravated during active service, or may be presumed to have been incurred during service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). The pertinent presumptive regulations will be discussed below. Where a disease is first diagnosed after service, service connection will be granted when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Significantly, regulations also provide that specified diseases associated with exposure to Agent Orange, listed at 38 C.F.R. § 3.309(e), including ischemic heart disease (coronary artery disease), will be considered to have been incurred in or aggravated by service under the circumstances outlined in the regulation even though there is no evidence of such disease during the period of service. 38 C.F.R. § 3.307(a)(6)(iii) (2015). A veteran who, during active naval service, served in the Republic of Vietnam during the Vietnam era (beginning in January 1962 and ending in May 1975) shall be presumed to have been exposed during such service to certain herbicide agents, including an herbicide commonly referred to as Agent Orange. 38 C.F.R. § 3.307(a)(6)(iii).

VA must consider in this case whether the Veteran is entitled to the presumption of exposure to an herbicide agent under the provisions of 38 C.F.R. § 3.307(a)(6)(iii) or whether there has otherwise been demonstration of exposure to an herbicide agent during service, consistent with Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. §§ 3.303, 3.304 (2015). To establish service connection on a direct incurrence basis, the Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Analysis

The appellant has claimed entitlement to service connection for the cause of the Veteran's death. The certificate of death shows that the Veteran died in January 2010. The cause of the Veteran's death was listed as ischemic heart disease due to or as a consequence of cardiac transplant coronary vasculopathy. 

The Board will address the appellant's contentions that the Veteran served in Vietnam, so as to warrant application of the presumption of service connection for ischemic heart disease. 

The Veteran's DD Form 214 shows that the Veteran served during the requisite time period during the Vietnam War Era. 38 C.F.R. § 3.307(a)(6)(iii). However, the DD Form 214 does not show service in Vietnam or any awards or decorations indicative of service in Vietnam. The service personnel records are absent for any indication of duty or visitation to Vietnam. In addition, a PIES response did not show any record of exposure to herbicides and an April 2012 PIES response noted that there was no evidence in the Veteran's file to substantiate any service in the Republic of Vietnam.

Concerning the Veteran's ship assignments during his service with the United States Navy, VA promulgated a listing of the Navy ships associated with service in Vietnam. Navy and Coast Guard Ships Associated with Service in Vietnam and Exposure to Herbicide Agents; List updated May 5, 2016; see also Dictionary of American Naval Fighting Ships. In this respect, an enlisted performance record shows that the Veteran served on USS LUCE (DLG-7) and a transfer and receipt indicated possible service on USS PARLE. Dental records show a screening on the USS EVERGLADES (AD 24). A June 1965 service medical treatment record shows that the Veteran received medical treatment on the USS YELLOWSTONE (AD 27). A June 1966 service medical treatment record shows that the Veteran was seen for medical treatment on the USS MAC DONOUGH (DLG-8). The aforementioned ships are not listed as Navy or Coast Guard ships associated with service in Vietnam and Exposure to Herbicide Agents. Further, it has not been shown that such ships navigated inland waterways of Vietnam, or near the shores of Vietnam such that the Veteran was subjected to exposure to wafting of herbicide spray while onboard such ships.

While the Board acknowledges the appellant's assertions regarding the Veteran's service in Vietnam, the Board finds that the service medical treatment records, PIES responses, service personnel records, and VA's Listing of Navy and Coast Guard Ships Associated with Service in Vietnam and Exposure to Herbicide Agents, as more probative of the circumstances of the Veteran's active service. Furthermore, the Board does not find the appellant credible regarding the Veteran's service in Vietnam. In fact, in a VA Form 21-526, completed by the Veteran and received by VA in August 2004, the Veteran was asked whether he served in Vietnam. He checked the box "no" as to whether he had service in Vietnam. The Veteran also crossed out the section "15.b" corresponding to any dates served in Vietnam. The Board finds that the Veteran's own statements regarding the circumstances of his service are highly probative. Thus, the Veteran's own statements regarding his service are contrary to the recent assertions made by the appellant and; therefore, render her statements not credible. See Caluza v. Brown, 7 Vet. App. 498, 511 (1995); Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (Board can consider bias in lay evidence, conflicting statements of the Veteran, and the significant time delay between the affiants' observations and the date on which the statements were written in weighing credibility).

In light of the above, the Board finds that the Veteran did not have duty or visitation in Vietnam to warrant the presumption of service connection for exposure to herbicides. 38 C.F.R. §§ 3.307, 3.309. However, the Board must also address service connection on a nonpresumptive direct-incurrence basis. See Combee, supra.

Service medical treatment records do not show any complaints or documentation of any heart disability. A December 1967 separation report of medical examination shows that the Veteran's heart was clinically evaluated as normal. 

Post-service, the first objective evidence of heart disease is documented in treatment records dated in the 1990s, decades after the Veteran's separation from active service. There is no competent evidence addressing any relationship between the Veteran's cause of death and his active service. 

With respect to continuity of symptomatology, the Federal Circuit recently held that continuity of symptomatology under 38 C.F.R. § 3.303(b) only applies to those conditions recognized as chronic under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Neither the objective evidence nor the appellant has indicated any chronic symptoms since active service. Therefore, service connection on the basis of continuity of symptomatology is not warranted. 

The Board recognizes the appellant's belief that the cause of the Veteran's death is related to Agent Orange exposure in Vietnam. Lay evidence may be competent on a variety of matters concerning the nature and cause of disability. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). In this case, the Board does not find the appellant competent to opine as to the cause of the Veteran's death. The cause of death, as listed on the certificate of death as chronic ischemic heart disease due to or as a consequence of cardiac transplant coronary vasculopathy, is not a medical condition capable of lay diagnosis. Further, the appellant has not been shown to have the medical expertise or knowledge to provide an opinion regarding a relationship between the Veteran's cause of death and active service. In addition, she did not present statements related to any chronic symptoms experienced by the Veteran since active service and she testified that she did not meet the Veteran until 1983, years after his separation from active service. As a result, the appellant's statements regarding the relationship between the cause of the Veteran's death and his active service are not competent and; therefore, cannot serve to show a relationship between the cause of death and active service. 

Finally, certain diseases, such as atherosclerotic heart disease and/or cardiovascular renal disease, may be presumed to have been incurred in or aggravated by service if manifest to a compensable degree within one year of discharge from active service. 38 U.S.C.A. § 1112; 38 C.F.R. §§ 3.307, 3.309. There is no evidence of a heart disability within one year of discharge from active service or for many years thereafter. Therefore, presumptive service connection is not warranted.

As the preponderance of the evidence is against the claim for service connection for the cause of the Veteran's death, the benefit-of-the doubt doctrine is not for application and the claim is denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App 49, 53-56 (1990).

ORDER

Entitlement to service connection for the cause of the Veteran's death is denied.

____________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs